UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN EVANS BAPTISTE,

     Petitioner,

                            Case No.  8:11-CV-1897-T-24EAJ
                                     8:08-CR-270-T-24EAJ

UNITED STATES OF AMERICA,

     Respondent.

_____/

## O R D E R

    This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-426), the Government's response in opposition thereto (Cv-D-7), Petitioner's reply (Cv-D-12), Petitioner's Motion for Court Files and Requests for Discovery Material Under Rule (6) of the Federal Habeas Corpus Practice (CV-D-6), and the Government's response (Cv-D-11) .

    Petitioner and others were charged with conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and one count of possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Attorney Jorge Chalela was appointed to represent Petitioner. Attorney Chalela filed a motion to suppress, which was denied after an evidentiary hearing.  Petitioner proceeded to trial with co-defendants Sheldon Shorter and Hardaway Volcy.  A jury found

Petitioner guilty of both charges.  On April 22, 2009, the Court sentenced Petitioner to a term of imprisonment of 97 months.

On appeal, Petitioner argued the Court erred in denying his motion to suppress.  The Eleventh Circuit affirmed Petitioner's conviction but remanded the case for the limited purpose of correcting two clerical mistakes in Petitioner's judgment.

Petitioner timely filed his § 2255 motion.  Petitioner first claims he is actually innocent of the conspiracy offense.  He also raises multiple claims of ineffective assistance of counsel. Specifically, Petitioner claims his counsel (1) chose not to effectively assist him at trial; (2) rejected a plea agreement without discussing it with Petitioner; (3) failed to file a motion to dismiss the Indictment; (4) wilfully withheld evidence; (5) failed to object to the drug quantity at sentencing; (6) has been trying to get money from him.

The Government responds that Petitioner's claim relating to the sufficiency of the evidence is procedurally defaulted, and, further, his claim of actual innocence is devoid of any factual or legal basis.  With regard to his claims of ineffective assistance of counsel, the Government argues Petitioner has failed to show that his counsel performed unreasonably or resulting prejudice.

## I.   SUFFICIENCY OF THE EVIDENCE REGARDING CONSPIRACY COUNT

Petitioner first claims he is actually innocent of the conspiracy offense.  He argues that there is no evidence that he

2

conspired to possess with intent to distribute marijuana.   He
points out that none of the cooperating co-conspirators made any
statements against him and that none of them had Petitioner's phone
number.   He further claims that had he known there were drugs in
the tractor trailer, he never would have given law enforcement
permission to search it.   Petitioner also claims that co-defendant
Volcy never gave him any of the drug money Volcy was paid.

In essence, Petitioner contends that there was insufficient
evidence to support his conviction.   Notably, Petitioner did not
raise this claim on appeal.   "Under the procedural default rule, a
defendant generally must advance an available challenge to a
criminal conviction or sentence on direct appeal or else the
defendant is barred from presenting that claim in a § 2255
proceeding."   Lynn v. United States, 365 F.3d 1225, 1234 (11th
Cir.), cert. denied, 543 U.S. 891 (2004).   A challenge to the
sufficiency of the evidence at trial is properly raised on direct
appeal.   See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir.
1994), cert. denied, 514 U.S. 1112 (1995).   A defendant's failure
to raise § 2255 grounds on direct appeal will only be excused if
the defendant can show cause excusing his failure to previously
raise such issues and actual prejudice resulting therefrom.
Bousley v. United States, 523 U.S. 614, 622 (1998); Mills, 36 F.3d
at 1055; Cross v. United States, 893 F.2d 1287, 1289 (11th Cir.
1990).   Alternatively, a petitioner must show that "a

3

constitutional violation has probably resulted in the conviction of one who is actually innocent." Mills, 36 F.3d at 1055 (citation omitted).

Here, Petitioner fails to show cause and prejudice excusing his failure to raise the claim on direct appeal. Nor has he shown that he is actually innocent. In this regard, Petitioner's claim completely ignores the evidence presented at trial of a recorded conversation Petitioner and co-defendant Volcy had in the back of the police car. In fact, the Eleventh Circuit noted that the "transcript of that conversation makes it clear they knew what the police would find inside the trailer." (D-406, p. 6, n.2) Petitioner is therefore procedurally barred from raising this claim.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

As previously indicated, Petitioner raises various claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom. Id. at 687.

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged

conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690.   Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment.   Id.

A counsel's performance is deficient if, given all the circumstances, his or her performance falls outside of accepted professional conduct.   Strickland, 466 U.S. at 690.   "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."   Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take."   Chandler, 218 F.3d at 1315.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry." Nix v. Whiteside, 475 U.S. 157, 175 (1986).   This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956,

958 (11th Cir. 1987).  See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994).  Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance.  Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

With regard to the second prong, the petitioner must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, at 694-95.  A reasonable probability is a probability "sufficient to undermine confidence in the outcome."  Id. at 694.  A petitioner must show a "substantial, not just conceivable, likelihood of a different result."  Cullen v. Pinholster, — - - U.S. ----, 131 S.Ct. 1388, 1403 (2011) (citation omitted).

With the foregoing standard in mind, the Court addresses each of Petitioner's ineffective assistance of counsel claims below.

### A.   Counsel Rejected Proposed Plea Agreement

Petitioner contends that his counsel rejected a 36-month plea deal from the Government without discussing the matter with Petitioner.  According to Petitioner, counsel told him he didn't think Petitioner would mind his counsel rejecting the offer.

The Government responds that it never conveyed a three-year plea offer to defense counsel.  The Government admits that it

6

offered a proposed plea agreement contemplating Petitioner pleading guilty to the conspiracy charge, which would have exposed Petitioner to a mandatory minimum sentence of incarceration of five years with a maximum sentence of 40 years pursuant to 21 U.S.C. § 841(b)(1)(B).

Petitioner fails to meet both prongs of the Strickland test. First, there is evidence of record that counsel in fact discussed a plea agreement with Petitioner.  Specifically, according to a Motion for Leave to File a Fourth Amendment Motion to Suppress filed on November 12, 2008, attorney Chalela met with Petitioner on November 11, 2008, to discuss a plea agreement proposed by the Government. (D-193, p. 4, ¶ 12 and p. 5.)

Second, Petitioner fails to show prejudice.  In order to establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded guilty and would [not] have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir.1995) (quoting Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).  The Eleventh Circuit addressed whether prisoners had shown prejudice under circumstances similar to those here in Scott v. United States, 325 Fed. Appx. 822, 825 (11th Cir.) (per curiam), cert. denied, 130 S.Ct. 435 (2009), and Oliver v. United States, 292

7

Fed. Appx. 886, 887-88 (11th Cir. 2008) (per curiam), <u>cert.</u> <u>denied</u>, 129 S.Ct. 2023 (2009).[1]

In <u>Scott</u>, the prisoner alleged on appeal that the district court erred in denying, without holding an evidentiary hearing, his claim of ineffective assistance of counsel for failing to fully advise him of potential sentences during plea negotiations. Scott had alleged that his counsel failed to advise him that he could avoid a life sentence by entering a guilty plea without a plea agreement before the government had an opportunity to file an information under 21 U.S.C. § 851. The Eleventh Circuit, in addressing the second prong of the <u>Strickland</u> test, explained:

> Scott attempts to demonstrate prejudice by suggesting he would have given a guilty plea greater consideration if his counsel had advised him differently and by stating he could have received a lower sentence if he had pled guilty without a plea agreement. In <u>Diaz</u>, we concluded a petitioner had failed to establish prejudice when he argued a guilty plea would have resulted in a lower sentence and offered after the fact testimony concerning his desire to plead. 930 F.2d at 835. In this case, Scott only goes so far as to say he should have been able to take the lower sentence into account when deciding whether to plead guilty. Considered in conjunction with his counsel's affidavit, which indicated Scott strongly advocated his innocence and was not amenable to pleading otherwise, Scott's

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

argument does not establish a reasonable probability
he would actually have pled differently but for his
counsel's alleged advice. See id. at 834-35. Thus,
Scott's argument is insufficient to make the
required showing for Strickland's second prong.

Scott, 325 Fed. Appx. at 825.

Similarly, in Oliver, the prisoner appealed the district

court's denial of his § 2255 motion without holding an

evidentiary hearing. Oliver argued that he was entitled to an

evidentiary hearing because his trial counsel failed to inform

him of a plea offer extended by the government on the eve of

trial. Id. at 886  The Eleventh Circuit, in affirming the

judgment of the district court, found that Oliver failed to

demonstrate a reasonable probability he would have pled guilty

but for his attorney's error.  The Eleventh Circuit explained

that:

> Here, Oliver stated only that he would have
> "seriously considered" the government's plea offer,
> which as in Coulter, falls short of the required
> standard.   In addition, Oliver maintained his
> innocence throughout trial and during his
> sentencing, which undermines his claim that he would
> have consented to a plea agreement.

Id. at 887 (footnote omitted).

Petitioner similarly falls short of showing prejudice in

this case.  Significantly, Petitioner does not affirmatively

state that, but for his counsels' alleged errors, he would

9

have pled guilty and would not have insisted on going to trial.  Additionally, in order for the Court to accept a guilty plea, Petitioner would have had to admit to a sufficient factual basis acknowledging his involvement in the conspiracy, which, even to date, he has not done.  As such, Petitioner is not entitled to relief as to this claim.

**B.   Counsel Failed to Move to Dismiss the Indictment**

Petitioner next claims his counsel was ineffective in failing to move to dismiss the Indictment.  He claims there is no evidence in the record to prove that Petitioner made any agreement with anyone or that he knowingly and voluntarily joined or participated in an illegal venture and no evidence of him making any statement on the phone.

This claim is completely meritless.  Petitioner raises no legitimate basis to move to dismiss the Indictment.  Petitioner's claims of lack of evidence were raised by his counsel at trial at the close of the Government's case-in-chief.  (D-381, p. 168.)  At that time, attorney Chalela moved for judgment of acquittal.  The Court denied the motion finding that a reasonable jury could find Petitioner guilty beyond a reasonable doubt.  (Id. at p. 169.)

As Petitioner fails to demonstrate both that his counsel rendered ineffective assistance in failing to move to dismiss the Indictment and resulting prejudice, this claim fails.

C.   **Counsel Failed to Object to Amount of Drugs at Sentencing**

Petitioner claims his counsel was ineffective in failing to object to the amount of drugs attributed to Petitioner at sentencing.  Petitioner claims that only 100 pounds of marijuana should have been attributed to him rather than 1,561 pounds.

Petitioner's claim is completely meritless.   The Presentence Investigation Report provided that Petitioner was accountable for 1,561 pounds or 651 kilograms of marijuana. (PSI ¶ 31, 39.)  This amount was supported by the evidence at trial.  Specifically, the Government presented evidence that the semi-tractor trailer Petitioner and his co-defendant were driving was carrying 1,561 pounds of marijuana.   The Government presented evidence regarding the equivalency of kilograms to pounds.  Specifically, Agent Duralia correctly testified that one kilogram equals approximately 2.2 pounds and that 1,000 kilograms equals approximately 2,200 pounds. (Cr-D-379, p. 7-16.)  During closing argument, the prosecutor explained that 220 pounds is the equivalent of 100 kilograms. He continued that as the tractor trailer was carrying 1,561 pounds of marijuana, the jury could find that the offenses involved 100 kilograms or more.  (Cr-D-385, p. 159-60.)  The jury convicted Petitioner of more than 100 kilograms and substantial evidence beyond a reasonable doubt supported its

verdict.

Furthermore, Petitioner has not demonstrated prejudice as a result of his attorney's failure to object to the amount at sentencing. As indicated, the Government presented accurate evidence relating to the conversion from pounds to kilograms and substantial evidence supports the jury's verdict as to the quantity of marijuana involved. Thus, Petitioner is not entitled to the relief he seeks.

### D. **Counsel Withheld Evidence at Trial**

Petitioner next claims that his counsel purposely withheld evidence from the jury that would have freed him. Petitioner argues that he gave his counsel records relating to: (1) a trip from Kansas to Riverside Warehouse in California; (2) a stay at the Super 8 Motel in Riverside, California, from April 18, 2008 through April 20, 2008; (3) the pick up of a load of cookie dough on April 20, 2008; and (4) his co-driver, Hardway Volcy. Petitioner also argues that his attorney rendered ineffective assistance to call Ramiro Parra to testify and in failing to cross-examine Volcy.

Petitioner fails to show his counsel performed unreasonably or any resulting prejudice. First, notably, both the Government and defense counsel introduced into evidence records relating to the pick up and deliveries of the loads to which Petitioner refers. (GX 30, 39; DX 25, 59.)

Petitioner's recent claim that he provided his counsel with a

12

receipt for his alleged stay at the Super 8 motel completely contradicts his own sworn trial testimony. At trial, Petitioner specifically testified that he did not recall if he kept a receipt. (D-384, p. 33.) Furthermore, co-defendant Volcy testified that there was no paperwork relating to the stay. (Id. at p. 123-24)

As for Petitioner's claim relating to his counsel's failure to call Ramiro Parra as a witness at trial, Petitioner fails to recognize that Parra testified as a witness for the Government. Parra testified that he received orders from co-defendant Cleo Mitchell to retrieve a phone, answer it when it rang, and give the caller directions to the warehouse where the marijuana was to be unloaded. (D-378, p. 100.) Parra testified that on April 24, 2008, he had telephone contact with the person he believed was driving the load and gave the directions to the warehouse. (Id. at p. 101.) These conversations were recorded and the audio was introduced into evidence. (Id. at p. 104-106, 107-113.) Attorney Chalela cross-examined Parra at trial. (D-378, p. 250-251.) Parra testified on cross-examination that he had never met Petitioner and co-defendant Volcy. (Id. at p. 251-52.) Petitioner has not demonstrated that Parra could have provided any other testimony that would have been helpful to the defense.

As for his claim that his counsel failed to cross-examine Volcy, Petitioner and co-defendant Volcy presented a joint defense at trial. They both testified that they stayed in California for

13

several days waiting to drop off a load and then picked up a load of cookie dough.  They both claimed that they had parked the tractor-trailer in a parking lot during their stay in California and that they had no knowledge of the marijuana or how it came to be placed in the trailer.  Their testimony was in complete contrast to their conversation they had while being detained in the back of the police car.  Again, it was clear from that conversation that both Petitioner and co-defendant Volcy were aware of the marijuana in the trailer and were supposed to be delivering it. Additionally, the Government presented GPS evidence that the tractor-tractor was not in California, but rather Phoenix, Arizona from April 18, 2008 through April 20, 2008.

Petitioner has not shown that his counsel rendered ineffective assistance by participating in a joint defense.

### E.   Counsel Deliberately Chose Not to Effectively Assist Him at Trial and Requested Money from Him

Petitioner's final claims are that his counsel deliberately chose not to effectively assist him at trial when Petitioner refused to personally compensate him as a supplement to the compensation attorney Chalela would receive under the CJA Act. Petitioner essentially contends that attorney Chalela told him that Petitioner would be acquitted if Petitioner paid him.  Petitioner continues that Chalela told him he had to pay $1500 for transcripts and $300 to mail for Chalela to mail to them to Petitioner.

It appears that Petitioner contends that Chalela's

14

representation of Petitioner was compromised due to Petitioner's failure to pay Chalela.   In essence, Petitioner asserts his attorney was ineffective for acting under a conflict of interest.

The Eleventh Circuit addressed a similar issue in <u>Lugo v. United States</u>, 349 Fed. Appx. 484 (11th Cir. 2009) (per curiam). Lugo alleged in his § 2255 motion that his CJA counsel unsuccessfully attempted to solicit Lugo's family to retain him privately.   The Eleventh Circuit found that the petitioner had to meet the test under <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980). Specifically, the petitioner had to prove that "(1) his attorney had an actual conflict of interest, and (2) the conflict adversely affected the attorney's performance." <u>Lugo</u>, 349 Fed. Appx. at 486 (citation omitted).

To meet the first prong, the petitioner had to point to "specific evidence in the record showing that his attorney actually made decisions that benefitted the attorney but harmed the client." <u>Id.</u> at 487. With regard to the second prong, the petitioner had to show the conflict adversely affected his counsel's performance by showing that "(1) his attorney could have pursued a plausible alternative strategy, (2) the alternative strategy was reasonable, and (3) the alternative strategy was not followed because it conflicted with the attorney's own interests." <u>Id.</u>

The court found that Lugo failed to show that his counsel's performance suffered as a result of the attempt to be privately

retained.   Specifically, the court explained:

> Lugo's attorney put on a "vigorous" defense throughout
> the proceedings, moving to suppress evidence and
> successfully challenging a sentencing enhancement. Lugo
> offers nothing to suggest that his attorney gave the case
> anything less than his best efforts, and so he has failed
> to overcome the usual presumption that his counsel
> "subordinate[d] his ... pecuniary interests and honor[ed]
> his ... professional responsibility to [his] client.
> Caderno, 256 F.3d at 1219 (quotation marks omitted).

Lugo, 349 Fed. Appx. at 487.

Attorney Chalela was appointed to represent Petitioner under
the Criminal Justice Act.   Section 2.02(f) of the Middle District
of Florida Criminal Justice Act Plan provides that "[u]nless
permitted in advance by court order, counsel appointed under the
provisions of this Plan may not require, request, or accept any
payment or promise of payment for representing a party."   Further,
18 U.S.C. § 36006A(f) provides: "Except as so authorized or
directed, no such person or organization may request or accept any
payment or promise of payment for representing a defendant."   If
attorney Chalela requested money as a supplement for his legal
services certainly his conduct was in violation of the Plan and the
statute.

Assuming without deciding that an actual conflict of interest
existed, Petitioner has not shown any such conflict adversely
affected Chalela's representation of Petitioner.   In this regard,
the Court already addressed above the instances during which
Petitioner believed his counsel provided ineffective assistance,

16

and the Court has found that Chalela did not perform deficiently. Rather, Chalela zealously represented Petitioner throughout his case.  He filed a motion to suppress, cross-examined the law enforcement witnesses at the evidentiary hearing, and continued to litigate the issue on appeal.  At trial, Chalela cross-examined the Government witnesses, made appropriate objections, and presented the testimony of a trucking expert in support of Petitioner's defense.

Finally, Petitioner has not demonstrated that attorney Chalela could have pursued an alternative plausible strategy not that Chalela failed to do because the alternative strategy conflicted with the attorney's own interests.  As such, Petitioner is not entitled to relief as to this claim.

### III. PETITIONER'S MOTION FOR DISCOVERY

Petitioner requests a copy of the trial transcripts, case file, records and all evidence.  Petitioner seeks debriefing statements made by the Government witnesses; all evidence that was and was not presented at trial.

Petitioner's request is overbroad and vague.  Further, he has not demonstrated a particular need for the material he requests. As such, his motion is denied.

It is therefore ORDERED that:

(1)  Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV-D-1;

CR-D-426) is DENIED.

(2)  Petitioner's Motion for Court Files and Requests for Discovery Material Under Rule (6) of the Federal Habeas Corpus Practice (CV-D-6) is DENIED.

(3)  The Clerk is directed to enter judgment in favor of the Government and CLOSE the civil case file.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"  Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in <u>forma</u> <u>pauperis</u>.

   DONE AND ORDERED at Tampa, Florida this _9th_ day of February, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT

19